Everett *v.* Commercial Securities Co., Inc.

May 12, 1952.

No. 38417 (58 So. (2d) 792)

William S. Murphy, for appellant.

**J. H. Daniel** and **O. F. & J. O. Moss**, for appellee.

Holmes, J.

The appellee sued the appellant and one M. L. Malone in an action of replevin to recover the possession of a 1947 model, Chevrolet automobile. The appellee in its declaration based its right of recovery upon an alleged default under a conditional sale contract covering the car. No appearance to the action was entered by the defendant Malone. The appellant filed a plea of not guilty. Pursuant to the writ duly issued, the car was seized and valued by the officer in his return at $1,000. Upon failure of either of the defendants to enter into a forthcoming bond for the car within the time allowed, the appellee gave the required bond and the car was delivered to its possession to abide the judgment of the court. Upon the trial of the cause, the court gave a peremptory instruction for the plaintiff and proper judgment was entered, from which appellant prosecutes this appeal.

We find no dispute in the material facts. On October 3, 1950, appellant purchased the car in question from Farmers Used Cars and was allowed a credit of $404.38

on the purchase price for a Ford car traded in in the transaction. The balance of the purchase price including interest, insurance, and finance charges was $1,121.61. To cover this balance the appellant executed to the Farmers Used Cars a promissory note and a conditional sale contract providing for the payment of the indebtedness in installments of $53.41 per month beginning on November 3, 1950. The contract retained in the seller title to the car until the indebtedness should be paid and authorized the seller or its assignee to take possession of the car in the event of any default in the payment of the indebtedness or any installment thereof. Both the note and the contract were duly assigned to the appellee on the date of their execution. On October 7, 1950, the car was damaged in a wreck and was towed into the garage of M. L. Malone. The insurance on the car was carried by Audubon Insurance Company, for which company Sullivan and Company of Jackson served as adjustors. Notice of the wreck and the whereabouts of the car was given by Malone to Farmers Used Cars by telephone and later by letter, and this information was communicated to the appellee. Payment of the November 3, 1950 installment of $53.41 was not made or tendered on its due date. On November 13, 1950, appellant sent a money order for $35 to Sullivan and Company which was intended to be applied on the November 3, 1950 installment. Sullivan and Company was not the agent of appellee and had no authority to receive payments for the appellee, but nevertheless delivered the $35 money order to appellee's representative. Appellant claims to have sent another money order for $18 to Sullivan and Company on November 20, 1950 to be applied on the November 3, 1950 installment. This money order was not shown to have been received by either Sullivan and Company or the appellee. On November 20, 1950, the appellee contacted the appellant and returned to her the $35 money order and demanded that the contract be brought up to date or the possession of the car surren-

dered. Appellant offered to return the $35 money order to appellee and advised appellee that she had sent to Sullivan and Company another money order for $18, the two aggregating $53, and offered to pay in cash the additional sum of 41¢ to make up the November 3, 1950 installment of $53.41. Appellee, as stated, had never received the money order for $18 and declined appellant's offer and demanded the possession of the car. No other payment or tender was made by appellant. There was no proof of the value of the car other than the prima facie evidence thereof appearing from the officer's return.

The appellant complains that the trial court erred in granting a peremptory instruction for the appellee because the evidence created an issue of fact for the determination of the jury both as to the question of the value of the car and the question as to whether or not appellant had made a tender of the November 3, 1950 installment. ▇▇ In view of the fact that the appellee and not the appellant gave bond for the car and was awarded the possession of it, we do not find that the value of the car became material, but even if material, there was no proof of value other than the officer's valuation in his return and this was prima facie evidence of the car's value. Section 2848, Mississippi Code of 1942. ▇▇ We think there was no issue of fact created by the evidence on the question of the claimed tender of the November 3, 1950 installment. The undisputed proof is that all the appellant did was to offer the return to appellee of the $35 money order and claim credit for the $18 money order which was sent to appellee and which appellee never directly or indirectly received, and to offer to pay the additional sum of 41¢. This, in our opinion, did not constitute a valid tender. Appellant was therefore in default in the payment of the November 3, 1950 installment and appellee's right to the possession of the car accrued under the provisions of the conditional sale contract. Hence we think that the trial

court committed no error in granting the peremptory instruction.

Appellee offered in evidence a written release signed by the appellant and which, by its terms, surrendered all of appellant's right, title and interest in and to the car. The introduction of this instrument was objected to by appellant upon the ground that appellee in its declaration relied not upon this instrument but upon the conditional sale contract, thus electing to recover the possession of the car and deal with it as required by the terms of the conditional sale contract. The objection was overruled. It is not necessary, however, for us to pass upon and we do not pass upon, the question of the admissibility of this instrument, nor the effect of the instrument under the circumstances, in view of our conclusion that appellant was in default in the payment of the November 3, 1950 installment, thus entitling the appellee to the possession of the car.

No question is here involved as to whether or not appellant is entitled to have appellee deal with the car, after repossessing it, as security under the terms of the contract and with reference to the equitable rights of the purchaser, nor is there here involved the question of the rights, if any, of appellant under Section 892 of the Mississippi Code of 1942, and hence we do not pass upon either of these questions.

We have carefully considered the other assignments and find no reversible error therein.

We are accordingly of the opinion that the judgment of the court below should be and it is affirmed.

Affirmed.

**Roberds, P. J.** and **Alexander, Lee,** and **Arrington, JJ.,** concur.